UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN ZIMMERMANN AND JAMIE ZIMMERMANN,**<br><br>Plaintiffs,<br><br>v.<br><br>**SCOTT LABISH, ET AL.,**<br><br>Defendants. | 2:22-CV-12338-TGB-APP<br><br>HON. TERRENCE G. BERG<br>HON. ANTHONY P. PATTI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 38) AND**<br><br>**GRANTING MOTIONS TO DISMISS (ECF NOS. 10, 25, 26, 27, 36)** |

This matter is before the Court on a Report and Recommendation ("R&R") from Magistrate Judge Anthony P. Patti dated May 12, 2023 (ECF No. 38) recommending that the Motions to Dismiss of Defendant Romeo Community Schools (ECF No. 10), Defendant Scott Labish (ECF No. 25), Defendant Peter Lucido (ECF No. 26), Defendant Anthony Wickersham (ECF No. 27), and Defendant Eric Smith (ECF No. 36) be granted. Judge Patti also recommends declining to exercise supplemental jurisdiction over any remaining state law claims, dismissing the amended complaint in its entirety, and denying Defendants' requests for an award of costs and attorney fees associated with the motions.

1

Although Plaintiffs failed to file any Objections within the 14-day timeframe allowed under Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d), the Court granted them an extension because they are proceeding pro se and had filed a letter with the Court stating that they did not receive the R&R in the mail. ECF No. 41. On July 27, 2023, Plaintiffs Brian and Jamie Zimmermann filed an objection (ECF No. 42) to the R&R. Defendants filed responses to the objection. ECF Nos. 45, 46. For the reasons set forth below, after a de novo review, the Court orders that the objections will be **OVERRULED**, and the Report and Recommendation will be **ACCEPTED** and **ADOPTED**.

## I. BACKGROUND[1]

Acting without the benefit of counsel, Plaintiffs Brian and Jamie Zimmermann filed the instant lawsuit on October 3, 2022, alleging that the death of their son JPZ by suicide following a disciplinary encounter at the Romeo Community School District ("RCSD") Ninth Grade Academy on October 4, 2019 was caused by the actions or failures to act by the named Defendants. Those Defendants include: Macomb County Sheriff's Office ("MCSO") Deputy and RCSD School Resource Officer ("SRO") Scott Labish; Macomb County Sheriff Anthony Wickersham;

---

[1] Plaintiffs repeatedly "object" to the statement of facts in the R&R stating that the Magistrate Judge has failed to recognize certain alleged details, but at the motion to dismiss stage, the Court need not make findings of fact aside from jurisdictional facts as needed for standing so these will not be addressed.

2

former Macomb County Prosecutor Eric Smith; Macomb County Prosecutor Peter Lucido; RCSD Superintendent Todd R. Robinson; RCSD Ninth Grade Academy Principal Melissa Arendts; unidentified RCSD Board of Education staff Taylor Doe; RCSD Board Members Gus Demas, Chris Young, Jill Rilley, Kim Barrows, Anita Banach, Mike Antoine, and Wayne Conner, II; and unidentified MCSO Deputies John and Jane Doe.

The allegations recount a series of events leading up to the tragic death of JPZ by suicide. On October 4, 2019, JPZ was involved in a fight with another student while getting off the school bus at the RCSD Ninth Grade Academy. ECF No. 5, PageID.252. Following the incident, Principal Arendts contacted JPZ's mother, Plaintiff Jamie Zimmermann, to inform her that JPZ had been suspended and would need to be picked up from school. ECF No. 5, PageID.252.

When JPZ's grandmother arrived at the school to bring him home, she was told law enforcement had been notified of the incident and SRO Deputy Labish would be meeting with JPZ. ECF No. 5, PageID.254–55. According to Plaintiffs, with no regard for JPZ's developmental disability (ADHD), SRO Deputy Labish used aggressive tactics against JPZ as part of a "Scared Straight" policy utilized within the RCSD that included telling JPZ that he could face criminal charges. Plaintiffs allege that Labish treated JPZ in this manner in retaliation for JPZ having recorded a prior school bus incident in May 2019. ECF No. 5, PageID.256, 266, 286–88, 342. Plaintiffs further point out that neither parent was notified

3

that JPZ had been or would be detained by law enforcement. ECF No. 5, PageID.262.

"[U]pon conclusion of the detention with Principal ARENDTS and Deputy LABISH, [JPZ] quickly fled the room and left the school building without a word to anyone[,] leaving his grandmother behind." ECF No. 5, PageID.259. It was later discovered that JPZ had taken his own life. ECF No. 5, PageID.234.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). As described above, on July 27, 2023, Plaintiffs filed their Objections to the Report and Recommendation. ECF No. 42.

Objections must cite the specific portion of the R&R to which they pertain. Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

The district court will make a "*de novo* determination of those portions of the report … to which objection is made." *Id.* De novo means as if the court were considering the issues for the first time. "A judge of

4

the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

### III. DISCUSSION

**A. Objections**

The R&R provided instructions as to how Objections must be made, stating: "Any objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." ECF No. 38, PageID.1109. Plaintiffs failed to follow this instruction. Their Objections take the form of numbered and unnumbered statements that fail to identify the specific provision in the R&R to which they are addressed. Plaintiffs also substantially exceeded Local Rule 7.1's requirement imposing a 25-page limit on filings. They filed 20 pages of objections accompanied by a 25-page brief in support.[2] ECF No. 42. Although the Court has reviewed this overly long pleading, it will discuss only those portions that appear clearly directed to a specific portion of the R&R.

---

[2] Defendants characterize the objection as a 263-page filing in their responses (ECF Nos. 45, 46), but 218 pages are attached exhibits. The Court notes that while Plaintiffs violated Local Rule 7.1, they did not do so to the egregious extent that opposing counsel describes.

In reviewing the Objections, it is clear that even if Plaintiffs had properly objected, most of the statements either rehash the same arguments that Judge Patti adequately addressed without identifying any error in his analysis, or seek to raise new arguments that were not raised previously. "Parties may not 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Lewis v. Sole Law*, 629 F. Supp. 3d 731, 734 (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Two paragraphs of the Objections specifically refer to some of Judge Patti's determinations. ECF No. 42, PageID.1203–04. Paragraph 19 takes issue with the conclusion that the state action was too remote for a § 1983 claim of substantive due process. Specifically, Plaintiffs state:

> The Plaintiffs' FAC clearly alleges that from the time their son, JPZ, was traumatized by the aggressive behavior of Defendant Deputy LABISH were only hours between JPZs death and the incident at school where again it was noticed that JPZ was emotionally distressed. By highlighting this sequence of events, the Plaintiffs aim to emphasize the proximity and direct impact of state action on the tragic outcome. We believe that the Magistrate Judge's conclusion may not fully capture the immediate and consequential connection between the state action and the unfortunate events that unfolded shortly thereafter.

*Id.* at PageID.1203. But this Objection does not understand that Judge Patti was not referring to remoteness in terms of causation. Rather he was referencing Sixth Circuit's precedent indicating that "no cause of action may lie under section 1983 for emotional distress, loss of a loved

one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). And the R&R went further pointing out that the Sixth Circuit had recently adopted a standard that:

> [A]ctions that collaterally impact the family relationship are insufficient to give rise to a substantive due process claim that the state has violated an individual's right to family integrity. The government official must have, at a minimum, acted with a culpable state of mind directed at the plaintiff's family relationship or a decision traditionally within the ambit of the family. Thus, many state actions with collateral effects on families are not constitutional violations.

*Chambers v. Sanders*, 63 F.4th 1092, 1100 (6th Cir. 2023) (rejecting the Ninth Circuit's approach to allowing such claims).

In Paragraph 20, Plaintiffs object to Judge Patti's statement that they did not plead facts adequate to state a claim in the *parents' individual capacity* that Defendants' actions were "directed specifically at interfering with their parent-child relationship." ECF No. 38, PageID.1104. Judge Patti correctly pointed out that the allegations of the Plaintiffs were not sufficient to show that the Defendants acted with a culpable state of mind directed at interfering with the parental relationship. And, sadly, under current Sixth Circuit precedent, even when a child is killed by the hands of a state agent, such conduct would

7

not permit a section 1983 constitutional claim by the parents.[3] Plaintiffs did not counter this with case law nor did the Court find such a holding.

As the Sixth Circuit has held, "only the purported victim, or *his estate's representative(s)*, may prosecute a section 1983 claim[.]" *Claybrook*, 199 F.3d at 357 (emphasis added). Meanwhile, a parent's loss of relationship with their child is considered a collateral injury for the purposes of § 1983. *See Chambers*, 63 F.4th at 1100. There is no clearly established constitutional right for a parent to be "present to aid, assist, support, care, and direct the education" of their child in a school disciplinary process and subsequent referral to law enforcement. ECF No. 40, PageID.1124. Thus, any deprivation of that opportunity is also not directed at the parents' relationship with their child. Therefore, the Court **OVERRULES** Paragraphs 19 and 20 of the Plaintiffs' objections because they are contrary to Sixth Circuit law.

As Judge Patti correctly recommended, the fatal flaw of the claims as currently pled is their lack of standing. Generally, standing is a doctrine to ensure that parties before the court can show that the injuries they suffered were real, were directly caused by the Defendant's alleged actions, and can be relieved by the judiciary. Various judicial decisions

---

[3] "Here, the plaintiffs allege that the defendants deprived *them* of 'their rights to familial relationships' and … [w]hile we understand the unspeakable pain that Foos's parents endured, § 1983 does not provide them with a remedy." *Foos v. City of Delaware*, 492 F. App'x 582, 593 (6th Cir. 2012) (emphasis in original).

8

and statutes have added specific requirements for certain claims and causes of action. Judge Patti analyzed standing for the federal civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1988 including the First, Fourth, Eighth, and Fourteenth Amendments, municipal liability, and violations of Section 504 of the Rehabilitation Act, Americans with Disabilities Act, and Individuals with Disabilities Education Act. Because Plaintiffs did not object to these explicitly[4], Defendants argue that Plaintiffs have waived the issue of standing. ECF Nos. 45, 46. Given the complexities of the standing doctrine across many counts, the Court is hesitant to find that these pro se Plaintiffs have waived the issue by failing to object. If Plaintiffs are able to amend their complaint and substitute a personal representative of JPZ's estate who has standing, their failure to object to the Magistrate Judge's rulings on standing should not bar the case.

    The Court reviewed Judge Patti's determinations on lack of standing and concludes that his recommendation is well-taken. The claims in their entirety must be dismissed without prejudice because once the Court lacks jurisdiction over the federal claims (because they are not viable as currently pled), it may decline to exercise supplemental jurisdiction over the state claims under Michigan law. 28 U.S.C.

---

[4] Stating that Judge Patti's determination about standing "is in error" and going on to reiterate allegations from their complaint without noting legal errors is not enough to object. ECF No. 42, PageID.1218.

§ 1367(c)(3). For this reason, the R&R did not analyze state law claims aside from Michigan's Wrongful Death Act. ECF No. 38, PageID.1104–07.

The Court recognizes the Zimmermanns' status as self-represented litigants and has thus afforded them considerable leniency with procedural rules. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Plaintiffs' statement that "The Magistrate Judge further failed to interpret the complaint in its entirety under the more lenient standard applicable to pro se litigants" is without merit. ECF No. 42, PageID.1220. In fact, Judge Patti's report reads the Plaintiffs' First Amended Complaint in a most generous and comprehensive way, extracting possible legal claims and addressing the jurisdictional issues. To the extent that various attachments (e.g., Ex. 1, Appointment of Brian Zimmermann as Personal Representative of JPZ' Estate, ECF No. 42, PageID.1241–42) to filings contain evidence supplementing their objections to Judge Patti's R&R, the Court has considered them in connection with those objections. But even so, the complaint in its current form advances claims as to which the Plaintiffs do not have standing. It therefore must be dismissed.

### B. Other Issues

Plaintiffs also request leave to amend their complaint for a second time.[5] But the proper way to make such a request is to file a separate motion for leave to file an amended complaint which includes—as an attachment—the proposed amended complaint. This allows the Defendants to see the proposed amended complaint and offers them an opportunity to respond. *See* Local Rule 15.1. At this stage, the Court cannot determine whether an amendment would be futile, as Defendants argue in their responses to the objections, because the proposed amended complaint has not yet been submitted. ECF No. 45, PageID.1591–92, ECF No. 46, PageID.1597.

Moving forward, the Court cautions Plaintiffs to abide by the Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading has "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs have ignored this Rule thus far; they should recognize that continuing to violate it is grounds for dismissal. To avoid this outcome, the Court *strongly* encourages Plaintiffs to secure legal counsel. Their filings have run into various procedural violations, delays, and legal errors that distract from and undermine the merits of the case.

---

[5] Plaintiffs state they can cure defects in the First Amended Complaint by specifically addressing (with particularity) constitutional denial of parent-child associational rights, statutory claims, and fraud claims. ECF No. 42, Page.ID1195.

11

An example of such a legal error would be citing to Eighth Circuit precedent as binding when this Court sits in the Sixth Circuit.

Finally, there is one portion of the R&R that must be "updated." At the time the R&R was filed, it correctly noted that Plaintiffs had not responded to two of the pending motions to dismiss (those of Defendant Romeo Community Schools, ECF No. 10, and Defendant Eric Smith, ECF No. 36) that the R&R recommended be granted. ECF No. 38, PageID.1093–94. Although untimely, Plaintiffs have since responded to those two motions to dismiss that were unopposed at the time the R&R was issued. ECF Nos. 40, 43. The Court has reviewed both responses and finds that the arguments presented were adequately considered by the Magistrate Judge in the R&R because they generally reiterated arguments that had already been raised by Plaintiffs in their responses to the other motions. Consequently, the recommendations regarding granting those motions will be adopted.

## IV. CONCLUSION

Judge Patti correctly determined that Plaintiffs failed to state a claim upon which can be granted. For the reasons set forth herein, the Zimmermanns' objections are **OVERRULED**.

It is hereby **ORDERED** that Magistrate Judge Patti's Report and Recommendation of May 12, 2023 is **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that the Motions to Dismiss of Defendant Romeo Community Schools (ECF No. 10), of Defendant Scott Labish (ECF No. 25), of Defendant Peter Lucido (ECF No. 26), of Defendant Anthony Wickersham (ECF No. 27), and of Defendant Eric Smith (ECF No. 36) be **GRANTED,** and the Amended Complaint is therefore **DISMISSED WITHOUT PREJUDICE.**

Defendants' requests for costs and fees associating with filing the motions are **DENIED.**

It is **FURTHER ORDERED** that this case is hereby **STAYED** to allow Plaintiffs a reasonable period of time to obtain legal counsel. Plaintiffs mentioned that they had retained counsel before submitting the complaint but no attorney has filed an appearance on their behalf in this case. Toward that objective, the Court will refer this case to the Pro Bono Committee in an attempt to obtain counsel to assist Plaintiffs.

It is **FURTHER ORDERED** that a date shall be set for a **STATUS CONFERENCE** on November 1, 2023 at 4:00 p.m. to discuss Plaintiffs' efforts to obtain counsel.

It is **FURTHER ORDERED** that, subsequent to resolving the issue of obtaining counsel for Plaintiffs, should they wish to amend their complaint for a second time, Plaintiffs must first file a motion asking for leave to file an amended complaint, and must attach to that motion a copy of such proposed amended complaint. The motion for leave to file an amended complaint may not exceed 25 pages in length.

**IT IS SO ORDERED.**

Dated: September 29, 2023  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE